IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL BIGBEE, | ) | |
| | ) | |
| Movant, | ) | Case No. 3:13-cv-00273 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M**

Movant, Michael Bigbee, filed this pro se action under 28 U.S.C. § 2255 seeking to set aside his conviction as a felon in possession of a firearm. Movant asserts two claims: an unlawful sentence enhancement and ineffective assistance of counsel.

After his arrest on a criminal complaint, on August 24, 2011 a federal grand jury in this District charged Movant as a felon in possession of a firearm. United States v. Bigbee, 3:11-cr-00179. On May 11, 2012, Movant entered a guilty plea. Id. at Docket Entry No. 46. Movant's Presentence Report found a Total Offense Level of 17 and a Criminal History Category at V. Id. at Docket Entry No. 50. Movant's advisory guideline was 46 to 57 months. Id. At sentencing, Movant did not object to the Presentence Report's calculations. Id. at Docket Entry No. 42.

At sentencing, the United States requested that Movant's federal sentence be imposed consecutive to his state sentence for a probation violation, due to Movant's "violent past, . . . domestic assaults, and his lengthy criminal history." Id. at Docket Entry No. 52 at 20. The Court sentenced Movant to 57 months and stated, "[g]iven that the prior state sentences were probationary offenses, the Court believes that this is one instance in which the state interest should be recognized,

and I'm therefore going to order that the federal sentence be served consecutive with any state sentence." Id. at 25. Movant filed a timely notice of appeal id. at Docket Entry No. 49), but later moved to dismiss voluntarily his appeal. Id. at Docket Entry No. 51. On March 26, 2013, Movant filed his action.

Movant's sentence may be vacated, corrected or set aside only for a violation of a Constitutional right or a fundamental error. Reed v. Farley, 512 U.S. 339, 353-54 (1994); Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996). In deciding a motion under § 2255, a court should consider the "motion any attached exhibits, and the record of prior proceedings." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

An evidentiary hearing is not required if the record conclusively establishes that a petitioner is not entitled to any relief. Rule 8, Rules Governing Section 2255 Proceedings for the United States District Courts; Arrendondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). An evidentiary hearing is also not required if "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id., quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Given the bases for his claims, the Court concludes that an evidentiary hearing is unnecessary.

Under U.S.S.G. § 5G1.3(d), the sentence for Petitioner's conviction may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to ensure a reasonable punishment for the offense. In determining how the terms are to be ordered the Court should consider the factors set forth in 18 U.S.C. § 3553. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed, (3) the kinds of sentences available, and (4) the kinds of sentence and

the sentencing range established for the applicable category of the offense the defendant committed. 18 U.S.C. § 3553(a).

As stated at sentencing, "the Court has considered all the factors under 3553(a) based upon facts submitted by counsel and the facts set out in the Presentence Report." (Case No. 3:11-cr-179, Docket Entry No. 52 at 22). Here, Movant's sentence was based upon a Total Offense Level of 17 and a Criminal History Category at V yielding a range of 46 to 57 months. U.S.S.G. § 5A. Given his criminal history, Movant's sentence of 57 months was within the range and was reasonable.

Movant's ineffective assistance of counsel claim is that his trial counsel did not object to the addition of two points to his criminal history because Movant was on probation at the time he committed the instant offense. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> **First, the defendant must show that counsel's performance was deficient**. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. **Second, the defendant must show that the deficient performance prejudiced the defense**. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984) (emphasis added).

"Judicial scrutiny of counsel's performance must be highly deferential," for "it is all too easy for a court, examining counsel's [performance] after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. This is particularly true with respect to tactical or strategic decisions. Id. at 690. To prove prejudice, petitioner "must show a reasonable probability that, but for his attorney's errors,

the proceedings would have produced a different result." Ross v. United States, 339 F.3d 483, 492 (6th Cir. 2003). An allegation about counsel unsupported by the record cannot meet the prejudice component of the Strickland inquiry. Ross, 339 F.3d at 494.

Movant's only claim of ineffective assistance is the addition of two points to his criminal history because of his probationary status at the time of his underlying offense. The Presentence Report correctly determined that Movant was on State probation for Case Number: 07-0362 at the time of his federal offense. Therefore, the additional two points added to Movant's criminal history was appropriate. Thus, Movant's counsel could not have been ineffective or caused any prejudice to Movant.

For these reasons, the Court concludes that this action should be dismissed. The Court declines to issue a Certificate of Appeal ability under 28 U.S.C. § 2253©.

An appropriate Order is filed herewith.

**ENTERED** this the ___16th___ day of March, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge